THE GEORGIA RAILROAD & BANKING COMPANY *v.* COSBY.

*Atkinson, J.*—1. It appearing from the evidence that the plaintiff was not guilty of any negligence, and there being some evidence to warrant a finding of negligence on the part of the defendant, which it had the opportunity to rebut, but failed to do so, this court will not set aside the verdict in the plaintiff's favor, after its approval by the trial judge.

2. There was no error in refusing to charge that, if the sole cause of the injury to the plaintiff was the negligence of his fellow-servant, the former was not entitled to recover.

July 29, 1895. By two Justices.          *Judgment affirmed.*

Action for damages. Before Judge Reese. Taliaferro superior court. August term, 1894.

Cosby sued the railroad company for an injury received by him while in its employment as a track-hand, by the negligence of a coemployee. He obtained a verdict, and defendant moved for a new trial. The grounds of the motion are, that the verdict is contrary to law and evidence, and to so much of the charge of the court as instructed the jury that plaintiff, when he went to work for defendant, assumed the ordinary risks incident to the business engaged in by him· also, that the court refused to charge that if the sole cause of the injury was the negligence of a fellow-servant, plaintiff could not recover.

Plaintiff's testimony shows, in brief, that he and Dur-

ham were ordered to repair a place in the railroad track,. and in the course of the work plaintiff got a spike and cleaver, and Durham got a hammer with which to strike the cleaver for the purpose of tapping the spike on all four sides and then breaking it in two. The time was February 16, 1891. Plaintiff laid the spike on the track and marked it on two sides; then turned it on the third side and started to mark it there, saying to Durham, "You tap this thing very lightly; it is very cold, and I don't want either of us to get hurt." Plaintiff could not watch Durham and the spike too. When Durham struck the spike it flew up and struck plaintiff in the eye, gouging it nearly out, cutting his head to the bone, and knocking him to the ground. He was holding the chisel, and Durham was to tap the spike on all four sides, and then it was to be broken. They had tapped it on three sides when it broke. Durham must have struck a heavy blow. That was the usual way of cutting the pin. The hammer was a good big iron sledge-hammer; plaintiff did not know how heavy it was. It had been used by Durham that morning for the same purpose, plaintiff holding the cleaver. He knew what sort of hammer it was. He did not see Durham when the latter struck the last blow; was looking at the work. The wound bled half a pint or more. He arose as soon as he could, bathed the wound with water, put a cloth upon it, and afterwards had it attended by a doctor. He worked for the company until May, 1891, then ran as train-hand for six months, came back and worked until the fall of 1892, and then quit on account of the condition of his eye, which would not stand the heat, etc.

*Joseph B. & Bryan Cumming* and *M. P. Reese,* for plaintiff in error. *Colley & Sims,* contra.